UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY HANDY,

    Plaintiff,

    v.

SHAW, BRANSFORD, VEILLEUX &
ROTH, *et al.*,

    Defendants.

Civil Action No. 00-2336 (CKK)

**MEMORANDUM OPINION**
(July 25, 2005)

Let's lack no discipline, make no delay:
For lords, tomorrow is a busy day.
    - William Shakespeare, <u>Richard III</u>, act. 5, sc. 3, l. 17-18 (1592).

On May 25, 2004, this Court held a status conference in the above-captioned action and,

after a discussion with the parties, set out a Scheduling and Procedures Order in order to facilitate

the discovery process. Despite the best efforts of this Court and Magistrate Judge Alan Kay over

the last fourteen (14) months, discovery in this case has ground to a virtual standstill, and the

process itself has been characterized by delay, obstruction, conflict, and contention. Indeed, it

appears that of this late date, no documentary evidence has been exchanged between the parties,

and while Plaintiff has ultimately provided responses to Defendants' Interrogatories, her

responses were "absolutely non-responsive and serve[d] no useful purpose," as she "respond[ed]

substantively by disputing almost every interrogatory made by the Defendants." *See Handy v.

Shaw*, Civ. No. 00-2336, at 5 (D.D.C. Dec. 8, 2005) (order by Magistrate Judge Kay denying

Plaintiff's Motion to Compel and granting Defendant's Motion to Compel). While this Court

attempted to place the discovery process in this case back on track through its January 5, 2005

Orders, which adopted certain discovery-related decisions by Magistrate Judge Kay and required

that the parties set out a detailed, binding discovery plan, *see, e.g.*, *Handy v. Shaw*, Civ. No. 00-

2336 (D.D.C. Jan. 5, 2005) (Minute Order requiring that the parties complete "all fact discovery

. . . by Thursday, June 30, 2005, with no further extensions"), it is clear that the Court's efforts

proved futile in the onrushing tide of delay and obfuscation that has permeated this case and

swamped the dockets of both this Court and that of Magistrate Judge Kay.

In order to re-start the discovery process and place this case back on the proper track to a

merits-based conclusion, the Court must address three (3) motions currently pending before it:

(1) Plaintiff's Motion for Stay of Proceedings and Request for Hearing, filed on January 27,

2005; (2) Plaintiff's Request for Reconsideration of the Magistrate Judge's Order of April 8,

200[5], filed on April 20, 2005; and (3) Plaintiff's Motion for Reconsideration and to Vacate the

Magistrate Judge's [June 1, 2005] Order for Plaintiff to Show Cause Pursuant to Rule

11(c)(2)(B); Denying Plaintiff's Motion to File Surreply; and Striking Plaintiff's Opposition to

Defendants' Notice of Discovery, filed on June 20, 2005.  Upon a searching examination of each

motion, the subsequent Oppositions and Replies, the relevant case law, and the entire record

herein, the Court shall (1) deny as moot Plaintiff's Motion for Stay of Proceedings; (2) deny

Plaintiff's Request for Reconsideration of Magistrate Judge Kay's April 8, 2005 Order; and (3)

deny Plaintiff's Motion for Reconsideration of Magistrate Judge Kay's June 1, 2005 Order.

# I: DISCUSSION

For the purposes of clarity, the Court shall address each motion currently before it in sequence.

> A.   *Plaintiff's January 27, 2005 Motion for Stay of Proceedings and Request for Hearing*

On January 27, 2005, Plaintiff filed a motion requesting a stay of the proceedings in this action and for a hearing.  According to Plaintiff, given that Defendants were objecting to Plaintiff's Notice of Deposition, which would have required Defendant Bransford to travel to Fairfax, Virginia, for a deposition, a stay in this case was necessary "pending this Court's Decisions on the Plaintiff's two pending January 15, 2005 Motions and Plaintiff's February 27, 2004 Motion for default judgment against Defendants, or in the alternative this Court's Certification to Appeal."  Pl.'s Mot. for Stay at 1.

This Court's January 30, 2005 Order effectively dealt with many of Plaintiff's concerns. In its January 30, 2005 Order, the Court directed that the anticipated depositions of Defendants Bransford and Gans "take place within the District of Columbia, at either the office of Eccleston & Wolf, P.C. (where Plaintiff's deposition is taking place on February 4, 2005) or at the E. Barrett Prettyman Federal Courthouse, located at 333 Constitution Ave., NW, Washington, D.C. 20001, if proper notice is provided to deponents and proper arrangements are made with the courthouse."  *See Handy v. Shaw*, Civ. No. 00-2336, at 1 (D.D.C. Jan. 30, 2005) (order on discovery-related disputes).  Moreover, the Court denied Plaintiff's Motion for Reconsideration of the Court's Adoption of Magistrate Judge's Recommendations or, in the Alternative, Request for Certification of Appeal, as the Court chose to stand by its January 5, 2005 adoption of

Magistrate Judge Kay's recommendations.  *Id.* at 2.  However, due to its own clerical error, the

Court failed to address one of the motions referenced by Plaintiff in her Motion for a Stay --

[117] Plaintiff's January 18, 2005 Request for a Court Ruling on Plaintiff's Motion for Damages

or in the Alternative Certification for Appeal.

In Plaintiff's Request for a Court Ruling on Plaintiff's Motion for Damages, Plaintiff

contends that she is entitled to $200,000.00 in damages because (1) "Defendant failed to answer

the Plaintiff's original complaint," Pl.'s Mot. for Damages at 1, and (2) when Plaintiff filed

subsequent Amended Complaints, "Defendant filed with this Court numerous responses to

Plaintiff's Amended [C]omplaint and subsequent motions and pleadings and did not question or

controvert Plaintiff's allegations of damages," *id.* at 2.  Each of Plaintiff's assertions is without

merit.  First, Defendants, rather than providing an Answer to Plaintiff's original Complaint, filed

a Motion to Dismiss that Complaint on November 11, 2000 -- a permissible step within Federal

Rule of Civil Procedure 12(a).  The Court ultimately granted this motion, but was reversed by the

United States Court of Appeals for the District of Columbia.  Upon remand, Defendants -- as

required -- filed an Answer to the original Complaint on September 23, 2003.  Second, contrary

to Plaintiff's assertion, Defendants have answered each of Plaintiff's subsequent Complaints, and

each time have denied Plaintiff's claims, and therefore her allegations of damages.  Given these

facts, the Court at this time shall deny [117] Plaintiff's January 18, 2005 Request for a Court

Ruling on Plaintiff's Motion for Damages or in the Alternative Certification for Appeal.

Given the fact that the Court has now addressed all of the concerns raised in Plaintiff's

Motion for Stay of Proceedings and Request for Hearing, filed on January 27, 2005, in this

Opinion and its January 30, 2005 Order, there is no justification for granting a stay in order to

deal with those concerns.  As such, the Court shall deny as moot [125] Plaintiff's Motion for

Stay of Proceedings and Request for Hearing.

   **B.** *Plaintiff's Request for Reconsideration of the Magistrate Judge's Order of April 8, 2005*

   1. <u>Background</u>

  After a discovery-related motions hearing held on April 6, 2005, Magistrate Judge Kay

issued a Memorandum Order on April 8, 2005 that denied four (4) of Plaintiff's discovery-related

motions:  (1) Plaintiff's Motion for Default Judgment or in the Alternative to Show Cause Why

Defendant and its Counsel should not be Held in Contempt and Sanctioned; (2) Plaintiff's

Motion for Protective Order; (3) Plaintiff's Motion to Strike Defendant's Motion to Stay

Discovery Pending Resolution of Defendants' Motion to Dismiss, or in the Alternative, Motion

for Summary Judgment as to Plaintiff's Third Amended Complaint; and (4) Plaintiff's Motion

for Relief from Harassment and the Violation of Her Privacy by Defendants' Counsel.  *See*

*Handy v. Shaw*, Civ. No. 00-2336, at 1-3 (D.D.C. Apr. 8, 2005) (Magistrate Judge Kay's order

on various discovery-related motions).  In her current Request for Reconsideration of the

Magistrate Judge's Orders of April 8, 2005, Plaintiff objects to each of these rulings, and

contends that this Court should revisit and overturn Magistrate Judge's Kay's decision.

  <u>First</u>, Plaintiff contends that because this Court referred Plaintiff's various motions to

Magistrate Judge Kay under Local Civil Rule 72.2(a), Judge Kay -- as a Magistrate Judge -- did

not have the authority to rule on her Motion for Default Judgment.  According to Plaintiff, only a

referral under Local Civil Rule 72.3 would have provided Magistrate Judge Kay the requisite

authority upon which to rule on her motion, and his ruling would have only been a "report and

recommendation" subject to this Court's approval.  Pl.'s Request for Reconsideration at 2.

Second, Plaintiff asserts that Magistrate Judge Kay erroneously denied her Motion for

Protection from Defendants' Rule 35(a) request for a medical examination.  Plaintiff contends

that Defendants did not show "good cause" for such an examination, because "**[n]one** of

Plaintiff's claims *relates to a medical condition*."  *Id.* at 3 (listing her claims as "for lost wages;

disgorgement of legal fees; anticipated recovery for her libel and slander suit that Defendants

failed to prosecute; her claim for cost of medical treatment not reimbursed in the underlying case;

for sick leave use not restored; and the estimated cost of two years of anticipated medical

treatment from the underlying case") (emphasis in original).

Third, Plaintiff claims that Magistrate Judge Kay improperly denied Plaintiff's Motion to

Strike Defendants' Motion to Stay Discovery because "Defendants filed exhibits with said

motion that were portions of their February 4, 2005 deposition of the Plaintiff which was denied

to Plaintiff.  Plaintiff's deposition was recorded by an out-of-state Reporting Company that

refused to produce a copy to the Plaintiff."  *Id.* at 4.

Fourth, Plaintiff alleges that Magistrate Judge Kay wrongfully denied her Request for

Relief from Harassment.  *Id.*  According to Plaintiff, despite the fact that "Defense Counsel

willfully interfered with and intentionally disrupted the telephone services at the Plaintiff's

home" and -- through repeated calls -- somehow destroyed her answering machine, Magistrate

Judge Kay found that Defendants' attempts to contract Plaintiff were justified because she is a

*pro se* litigant.  *Id.*  Plaintiff objects to Magistrate Judge Kay's "two hat" metaphor for *pro se*

litigants (wherein *pro se* litigants should expect increased contact with defense counsel because

they are both (1) a plaintiff, and (2) an attorney), and claims that his "untenable" comments in the

April 6, 2004 hearing constituted "egregious conduct" that "demean[ed] the public's view of the

judicial system." *Id.* (citing to the fact that Magistrate Judge Kay allegedly asked, "What [did]

you expect them to do?  Wait forever for you to return their call?").

            2.      <u>Standards</u>

      Magistrate Judge Kay's April 8, 2005 Memorandum Order denying four (4) of Plaintiff's

discovery-related motions constitutes a non-final, "interlocutory" judgment.  Rule 56(b) of the

Federal Rules of Civil Procedure governs reconsideration of orders that do not constitute final

judgments in a case.  *See, e.g.*, *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)

(explaining that Rule 54(b) governs the disposition of requests for reconsideration of

interlocutory orders); *Moore v. Hartman*, 332 F. Supp. 2d 252, 256 (D.D.C. 2004) (same);

*Campbell v. United States*, 231 F. Supp. 2d 1, 6 n.8 (D.D.C. 2002) (Rule 54(b) "addresses

interlocutory judgments").  In relevant part, Rule 54(b) provides:

> any order or other form of decision, however designated, which adjudicates fewer
> than all the claims or the rights and liabilities of fewer than all the parties . . . is
> subject to revision at any time before the entry of judgment adjudicating all the
> claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

      Importantly, the standard for reconsideration of an interlocutory order under Rule 54(b) is

distinct from the standard applicable to motions for reconsideration of final judgments.

"[C]ourts have more flexibility in applying Rule 54(b)" than in determining whether

reconsideration is appropriate under Rule 59(e) and 60(b).  *Moore*, 332 F. Supp. 2d at 256; *see

also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991)

(rejecting "vigorously" the lower court's application of the Rule 60 standard to an interlocutory

Rule 54(b) determination); *cf. Cobell v. Norton*, 226 F.R.D.175, 177 (D.D.C. 2002) (district

courts retain "broad discretion to grant or deny a motion for reconsideration").  While the

standards used to evaluate a Rule 54(b) motion for reconsideration of an interlocutory decision

vary wildly across the Circuits, *see Moore*, 332 F. Supp. 2d at 257 n.7 (citing numerous cases),

*Cobell*, 226 F.R.D. at 272 (discussing differences between the Circuits), courts within this

jurisdiction have generally held that Rule 54(b) reconsideration may be granted "as justice

requires." *See, e.g.*, *Cobell*, 355 F. Supp. 2d at 539 (Lamberth, J.); *APCC Servs., Inc. v. AT&T

Corp.*, 281 F. Supp. 2d 41, 44 (D.D.C. 2003) (Huvelle, J.); *Campbell*, 231 F. Supp. 2d at 7

(Urbina, J.); *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (Oberdorfer, J.);

*American Lands Alliance v. Norton*, Civ. No. 00-2339, 2004 WL 3246687 (D.D.C. June 2, 2004)

(Walton, J.); *but see Keystone Tobacco, Inc. v. United States Tobacco Co.*, 217 F.R.D. 235, 237

(D.D.C. 2003) (Friedman, J.) (noting that "the Court generally will grant a motion for

reconsideration only when the movant demonstrates (1) an intervening change in the law; (2) the

discovery of new evidence not previously available; or (3) a clear error of law in the first order")

(citations and internal quotation marks omitted).

    This Court shall join the majority of other Judges within this District, and shall adhere to

the "as justice requires" standard for determining whether to grant reconsideration of an

interlocutory order under Rule 54(b).  Asking "what justice requires" amounts to determining,

within the Court's jurisdiction, whether reconsideration is necessary under the relevant

circumstances.  *Cobell*, 355 F. Supp. 2d at 539; *Cobell*, 226 F.R.D. at 272 (ultimately concluding

that "[t]here does not seem to be any real distinction, however, between this approach and the

others listed above, insofar as asking "what justice requires" amounts to determining, within the

Court's discretion, whether reconsideration is necessary under the relevant circumstances").

        3.    <u>Application</u>

Upon a review of Plaintiff's request for reconsideration, the Court concludes that justice does not require a reversal of Magistrate Judge Kay's April 8, 2005 Memorandum Order. Rather, Magistrate Judge Kay's was correct as to each of Plaintiff's four (4) motions.

<u>First</u>, Magistrate Judge Kay's decision to deny Plaintiff's Motion for Default Judgment or in the Alternative to Show Cause Why Defendant and its Counsel should not be Held in Contempt and Sanctioned was correct, and Magistrate Judge Kay had the legal authority to rule on this motion. On March 9, 2005, this Court ordered that "Plaintiff's Motion for Relief from Harassment and Invasion of Privacy and all other discovery matters that might arise are referred to Magistrate Judge Alan Kay for disposition pursuant to LCvR 72.2(a)." *See Handy v. Shaw*, Civ. No. 00-2336, at 1 (D.D.C. Mar. 9, 2005) (order referring discovery-related motions to Magistrate Judge Kay and denying Defendant's Motion to Dismiss). There are two problems with Plaintiff's contention that Magistrate Judge Kay lacked authority under this referral to rule on her Motion for Default Judgment. First, while Plaintiff contends that Magistrate Judge Kay could not rule on her motion unless given a LCvR 72.3 referral, Local Civil Rule 72.3 only expressly requires such a referral for "motions to set aside default judgments," and does not expressly include "motions for default judgment." *See* LCvR 72.3(a)(6). However, given that Local Civil Rule 72.3 also includes "motions . . . otherwise to dismiss an action involuntary," LCvR 72.3(a)(5), Plaintiff's reading might well be accurate.

Because of this possibility, the second -- and more important -- reason why Plaintiff's motion for reconsideration fails is because her motion before Magistrate Judge Kay was not a

true motion for default judgment.  Instead, as Plaintiff's caption admits, Plaintiff filed a "Motion

for Default Judgment or in the Alternative to Show Cause Why Defendant and its Counsel

should not be Held in Contempt and Sanctioned."  In essence, Plaintiff's motion was actually a

motion to compel or show cause, as Plaintiff was really arguing that Defendants needed to be

penalized because "Defense counsel interrupted 135 times with improper objections, gratuitous

remarks, interpreting questions for witnesses, leading and coaching, and frequently answering for

the witness." *Handy v. Shaw*, Civ. No. 00-2336, at 2 (D.D.C. Apr. 8, 2005) (Magistrate Judge

Kay's order on various discovery-related motions).  In reality, Plaintiff was asserting that

Defendants had not complied with this Court's Deposition Protocol Order of January 28, 2005,

which specifically outlined the roles of counsel in a deposition and set out certain ground rules.

*See Handy v. Shaw*, Civ. No. 00-2336, at 1-4 (D.D.C. Jan. 28, 2005) (deposition protocol order).

Because Plaintiff was seeking contempt or other corrective actions for alleged discovery-related

abuses by Defendants, Plaintiff's motion was well-within the bounds contemplated by Local

Civil Rule 72.2(a).  As such, Magistrate Judge Kay had the authority to consider the motion

pursuant to this Court's referral, and -- upon a review of his decision -- this Court concludes that

his ruling was neither contrary to law nor clearly erroneous.  Simply, Plaintiff's allegations, even

if true, are insufficient to warrant an entry of default judgment in her favor.

  <u>Second</u>, Magistrate Judge Kay's ruling that Plaintiff must submit to a Rule 35

examination, or strike from her pleadings her allegations of injury that would necessitate such an

examination, was also appropriate.  While Plaintiff claims that her Third Amended Complaint

"**<u>does not</u>** set forth [any] claim that Plaintiff has any medical condition at controversy in the

present action," Pl.'s Request for Reconsideration at 3 (emphasis in original), her Third

Amended Complaint clearly sets forth claims for "medical costs not reimbursed" and

"anticipated medical treatment for the Plaintiff --- $16,100.00." *See* Third Am. Compl. at 4.

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical

condition . . . of a party . . . is in controversy, the court in which the action is pending may order

the party to submit to a physical or mental examination." Fed. R. Civ. P. 35(a). Because

Plaintiff currently seeks damages for future medical treatment, her medical condition is at issue

and Defendants are well within their rights under Rule 35(a) to demand that Plaintiff undergo a

physical or medical examination. As such, this Court concludes that Magistrate Judge Kay's

ruling was neither contrary to law nor clearly erroneous, and justice does not require reversal.

    <u>Third</u>, Magistrate Judge Kay's decision to deny as moot Plaintiff's Motion to Strike

Defendants' Motion to Stay Discovery was correct. *See Handy v. Shaw*, Civ. No. 00-2336, at 2-3

(D.D.C. Apr. 8, 2005) (Magistrate Judge Kay's order on various discovery-related motions). On

March 2, 2005, Defendants filed to dismiss Plaintiff's Third Amended Complaint, or in the

Alternative, for Summary Judgment, and simultaneously moved for a stay of discovery pending

resolution of that motion. On March 11, 2005, Plaintiff moved to strike both Defendants'

substantive motion and their motion for a stay. However, during the intervening time period, this

Court -- on March 9, 2005 -- issued an Order that denied without prejudice Defendants' Motion

to Dismiss, or in the Alternative, for Summary Judgment due to the fact that discovery had not

been completed in this case; as the Court noted in its Order, this denial ensured that Defendants'

Motion to Stay Discovery was moot. *See Handy v. Shaw*, Civ. No. 00-2336, at 1 (D.D.C. Mar. 9,

2005) (order denying without prejudice Defendants' motion to dismiss and denying as moot

Defendants' motion to stay). Because the underlying motions to which Plaintiff objects in her

Motion to Strike Defendants' Motion to Stay Discovery are moot and are no longer at issue,

Plaintiff's motion is moot as well.  Accordingly, this Court concludes that Magistrate Judge

Kay's ruling was neither contrary to law nor clearly erroneous, and justice does not require

reversal.[1]

     Fourth, Magistrate Judge Kay's denial of Plaintiff's Motion for Relief from Harassment

and the Violation of Her Privacy by Defendants' Counsel was also appropriate.  *See Handy v.*

*Shaw*, Civ. No. 00-2336, at 1-2 (D.D.C. Apr. 8, 2005) (Magistrate Judge Kay's order on various

discovery-related motions).  Plaintiff's Request for Relief from Harassment contended that the

numerous phone calls and letters sent by Defense counsel on or about February 7-8, 2005,

constituted unwarranted harassment and abusive behavior.  *See* Pl.'s Mot. for Relief from

Harassment at 1-4.  Magistrate Judge Kay denied Plaintiff's motion, noting that "[a]s the Court

explained to this *pro se* litigant at the April 6, 2005 hearing, she is acting as both a Plaintiff and

her own counsel in this case.  In her role as counsel she must understand Defense counsel's need

to get in touch with her at her home."  *Handy v. Shaw*, Civ. No. 00-2336, at 2 (D.D.C. Apr. 8,

---

[1] Upon a review, Plaintiff's Motion to Strike essentially complains that "Defendants disobeyed this Court's [January 30, 2005] Order and engaged an out-of-state reporting company when it deposed Plaintiff on February 4, 2005."  Pl.'s Mot. to Strike at 1.  Plaintiff contends that she was told by the reporting company "that they **could not release [a] copy of [her] deposition or video to her.**  Infact, they **would not** so much as talk with her about costs."  *Id.* at 2 (emphasis in original).  There are multiple problems with Plaintiff's motion.  First, Plaintiff's complaints about the reporting company and her deposition are wholly unrelated to Defendant's Motion to Stay Discovery Pending Resolution of their motion, and Plaintiff's motion is therefore improperly captioned.  Second, while the Court did issue a "Deposition Protocol Order" on January 28, 2005, the Order was entirely silent on the issue of whether an in-state reporter was required.  Moreover, the Court's January 30, 2005 Order governing the location at which Defendants Bransford and Gans were to be deposed was also silent on the issue of whether an in-state reporter was required.  Third, Plaintiff's dealings with the reporting company constitute a topic outside of this Court's jurisdiction, and Plaintiff's motion lacks the requisite detail necessary to raise a question of whether Court intervention would be appropriate.

2005) (Magistrate Judge Kay's order on various discovery-related motions).  Magistrate Judge

Kay noted that "although repeated calls made by Defense counsel may not be Plaintiff's

preference, those calls do not, as a matter of law, constitute 'harassment.'"  *Id.*  Plaintiff contends

that Magistrate Judge Kay's ruling was erroneous, as it is simply unreasonable that Defense

counsel could be "**justified** in dialing Plaintiff's home that included [an] excess of 30 calls in one

day dialed every 2 to 3 minute[s], resulting in [the] destruction of her answering machine [and

the] lengthy interruption of her residential service."  Pl.'s Request for Reconsideration at 4

(emphasis in original).  Plaintiff further claims that Magistrate Judge Kay's alleged comments

during the April 6, 2005 hearing were "egregious conduct."  *Id.* (asserting that Magistrate Judge

Kay asked Plaintiff: "What did you expect them to do?  Wait forever for you to return their

call?").

        Importantly, the phone calls and letters complained of by Plaintiff were a result of her

unilateral decision to cancel the deposition of Defendant Bransford, which was scheduled

pursuant to this Court's January 30, 2005 Order for February 8, 2005.  *See Handy v. Shaw*, Civ.

No. 00-2336, at 1 (D.D.C. Jan. 30, 2005) (order on discovery-related disputes).  Because of this

cancellation, Defendants had a pressing need to get in touch with Plaintiff in order to (1) decide

when to reschedule the deposition, (2) find out exactly why Plaintiff had chosen to cancel the

scheduled deposition; and (3) investigate how to proceed given Plaintiff's apparent defiance of

this Court's January 30, 2005 Order.  Given Plaintiff's claims in the underlying litigation and the

history of discord and animosity between the parties in this suit, it is clear that Plaintiff might

prefer to have as little contact with Defendants and their representatives as possible.  However,

given the fact that Plaintiff has chosen to represent herself in this litigation, Magistrate Judge

Kay's characterization is correct -- Plaintiff wears "two hats," one as a litigant and one as a counselor.  While Plaintiff "the litigant" might find distasteful certain duties and responsibilities resulting from her position as Plaintiff "the counselor," Plaintiff must accept those obligations if she is to proceed and fully prosecute this lawsuit.  Among those responsibilities are the duties to maintain consistent contact with opposing counsel and to follow through on discovery-related plans.  While Plaintiff may well dislike dealing with opposing counsel or disagree with the positions they take on certain issues, both sides have an obligation to work out their logistical differences so that this case may progress to a merits-based conclusion.  The only way to iron out logistical problems is to communicate; skirting contact with the opposing side only builds distrust and lays the foundation for further needless delay of this action.

Given Plaintiff's position as a *pro se* litigant, Magistrate Judge Kay was correct in his denial of her Request for Relief from Harassment when the "harassment" cited to by Plaintiff constituted attempts by opposing counsel to get in touch with her through telephonic messages and written letters.  While Plaintiff may well object to Magistrate Judge Kay's alleged rhetorical questions posed during the April 6, 2005 hearing, the Court notes that discussions held with the Magistrate Judge are often informal and ad hoc.  By conducting hearings as such, the Magistrate Judge is often able to pinpoint flaws with a party's argument, add levity, reduce tensions within the suit, or suggest helpful compromises.  Magistrate Judge Kay's comments -- assuming that they have been accurately quoted by Plaintiff -- did not constitute egregious conduct.  As such, the Court concludes that Magistrate Judge Kay's ruling was neither contrary to law nor clearly erroneous, and justice does not require reversal.

Given that all four (4) of Plaintiff's objections to Magistrate Judge Kay's April 8, 2005 Order are without foundation, her April 20, 2005 Request for Reconsideration of that ruling must be denied.

    C.    *Plaintiff's Motion for Reconsideration and to Vacate the Magistrate Judge's [June 1, 2005] Order for Plaintiff to Show Cause Pursuant to Rule 11(c)(2)(B); Denying Plaintiff's Motion to File Surreply; and Striking Plaintiff's Opposition to Defendants' Notice of Discovery*

At the hearing held on April 6, 2005, Magistrate Judge Kay ordered the parties to submit to the Court a notification of discovery still outstanding. *See Handy v. Shaw*, Civ. No. 00-2336, at 1 (D.D.C. June 1, 2005) (order requiring Plaintiff to "show cause" under Rule 11, striking Plaintiff's motion to file surreply, and striking Plaintiff's opposition to Defendant's "notice" of discovery). On April 15, 2005, Defendants complied with this Order, and filed a Notice of Discovery that explicated, in detail, the substantial amount of discovery that remains in this case. *See* Defs.' Notice of Discovery at 1-4. Plaintiff, however, chose not to submit such a Notice, but instead filed an Opposition to Defendants' Notice of Discovery on April 25, 2005, to which Defendants filed a Reply on May 5, 2005. On May 13, 2005, Plaintiff then filed a motion requesting leave to file a Surreply. Plaintiff's central argument in her objections was that Defendants' Notice was "frivolous, extends and burdens this litigation process, and ignores the findings and order of this Court." Pl.'s Opp'n at 1. In her Opposition, for instance, Plaintiff at length disputed Defendants' characterizations of her discovery responses and objected to certain planned discovery requests by Defendants. *See id.* at 1-3.

Magistrate Judge Kay, on June 1, 2005, issued an Order denying Plaintiff's Request for Leave to File a Surreply and striking Plaintiff's Opposition to Defendants' Notice of Discovery.

*See Handy v. Shaw*, Civ. No. 00-2336, at 1-2 (D.D.C. June 1, 2005) (order requiring Plaintiff to

"show cause" under Rule 11, striking Plaintiff's motion to file surreply, and striking Plaintiff's

opposition to Defendant's "notice" of discovery).   The basis of Magistrate Judge Kay's ruling

was that (1) Defendants' Notice of Discovery was not a "motion" under Federal Rule of Civil

Procedure 7, and therefore an "opposition" was unwarranted, *id.* at 2; and (2) "the Plaintiff's

request for leave to file a surreply does not indicate that the Defendants raised matters in their

reply not previously raised," ensuring that Plaintiff's Surreply would also be procedurally

inappropriate, *id.*  Magistrate Judge Kay concluded by emphasizing that

> [t]he Plaintiff has neither complied substantively with discovery nor with this
> Court's directives that she does so.  Furthermore, as the Court indicated to the
> Plaintiff at the April 6, 2005 motions hearing, the Plaintiff's status as a *pro se*
> plaintiff does not excuse her from compliance with the Federal Rules, the local
> rules, or any rules or orders set by this Court.  The Plaintiff's course of conduct in
> this litigation is not excusable.  To date, the Plaintiff has not complied with the
> discovery requests made by the Defendants despite having been ordered to do so
> by this Court.

*Id.*  Given Plaintiff's failings, Magistrate Judge Kay noted that he would consider Defendants'

Motion for Default Judgment, filed on May 20, 2005, and re-emphasized his December 8, 2004

cautioning of Plaintiff that "her conduct places her on a heading towards an unpleasant

rendezvous with Rule 11." *Id.* at 3.  In an attempt to halt the lengthy discovery-related delays in

this case, Magistrate Judge Kay "ORDERED that Plaintiff show cause, pursuant to Rule

11(c)(2)(B), why sanctions should not be imposed to enforce the Court's orders and to deter

repetition of the Plaintiff filing inappropriate and vexatious pleadings." *Id.*

In her present Motion for Reconsideration and to Vacate the Magistrate Judge's [June 1,

2005] Order for Plaintiff to Show Cause Pursuant to Rule 11(c)(2)(B); Denying Plaintiff's

Motion to File Surreply; and Striking Plaintiff's Opposition to Defendants' Notice of Discovery,

filed on June 20, 2005 ("Pl.'s 6/20/05 Mot. for Reconsideration"), Plaintiff makes three central

arguments:  (1) Magistrate Judge Kay's "conclusion that the Plaintiff has not complied with court

orders is manifest error," *id.* at 2; (2) Magistrate Judge Kay's striking of Plaintiff's Opposition to

Defendants' Notice of Discovery is a "gross unequal application of the law" that "<u>contravenes his

own ruling</u>," *id.* at 3 (emphasis in original); and (3) Magistrate Judge Kay's order requiring

Plaintiff to show cause pursuant to Rule 11 is "an abuse of discretion" and a product of

"unjustifiabl[e] bias towards the Plaintiff," *id.*

Upon a searching review of Magistrate Judge Kay's June 1, 2005 Order, the Court

concludes that his ruling was correct, and that Plaintiff's Motion for Reconsideration is without

merit.  <u>First</u>, while Plaintiff contends that Magistrate Judge Kay's conclusion that she has not

complied with court orders is "manifest error," it is a fact that Plaintiff did not file a Notice of

Discovery that met the requirements of Magistrate Judge Kay's April 6, 2005 directive.

Although Plaintiff filed a "Response to Magistrate Judge Kay's Order for the Parties to Submit

their Need for Further Discovery" on April 18, 2005, Plaintiff's "Response" did not suggest what

further discovery she required in this case, and instead repeated her frustrations with the Court's

discovery rulings and with the Defendants.  Given this failing, Plaintiff's statement that she has

"complied as [Magistrate Judge Kay] directed," Pl.'s 6/20/05 Mot. for Reconsideration at 3, is

simply inaccurate.

<u>Second</u>, Plaintiff's argument that Magistrate Judge Kay's decision to strike her

Opposition to Defendants' Notice of Discovery was erroneous is also unavailing.  Plaintiff

asserts that Magistrate Judge Kay's ruling constituted a "gross unequal application of the law"

because he apparently "contravene[d] his own ruling" made during the April 6, 2005 hearing that

"You'll have to put that in writing (discovery needs) and make sure I get it.  So it will be a

pleading, which is "Discovery that needs to be completed.'"  *Id.* (emphasis in original).  From

Plaintiff's argument, it is evident that she misinterpreted Magistrate Judge Kay's directive.

Magistrate Judge Kay, on April 6, 2005, ordered that the parties put their discovery needs -- i.e.,

what discovery remained -- in writing in the form of a notice pleading.  Magistrate Judge Kay did

not demand that the parties file "motions" -- i.e., legal filings that actually *request* that the Court

take certain actions such as ordering a deposition to occur or compelling a party to turn over

certain documents.  Rather, Magistrate Judge Kay simply wanted information from each side --

i.e., what they still needed to collect as evidence during the discovery process.  When a party

provides the Court information without argument or with a request, the pleading is labeled a

"Notice" because the purpose of the pleading is to give the Court to "notice" of new information

before it.  As Magistrate Judge Kay correctly noted, a "Notice" pleading is not a "motion" for the

purposes of Federal Rule of Civil Procedure 7, and therefore should not be contested by an

Opposition or Surreply.  Accordingly, his ruling was accurate.  Plaintiff, if she did not like the

content of Defendants' planned discovery requests and depositions noted in Defendants' April

15, 2005 Notice of Discovery, should have taken two steps:  (1) filed her own Notice that

detailed what discovery she still wanted from Defendants; and (2) waited, and only after

Defendants made an actual discovery *request* from her, filed a motion for a protective order or a

motion to quash.  Plaintiff's inclusion of her complaints regarding Defendants' presumed

discovery requests in her April 18, 2005 "Response to Magistrate Judge Kay's Order for the

Parties to Submit their Need for Further Discovery" was premature, and her Opposition and

Motion for Leave to File a Surreply were procedurally incorrect.

Third, Plaintiff's argument that Magistrate Judge Kay's order requiring her to show cause under Rule 11 "why sanctions should not be imposed to enforce the Court's orders and to deter repetition of the Plaintiff filing inappropriate and vexatious pleadings," *Handy v. Shaw*, Civ. No. 00-2336, at 1-2 (D.D.C. June 1, 2005) (order requiring Plaintiff to "show cause" under Rule 11, denying Plaintiff's motion to file surreply, and striking Plaintiff's opposition to Defendant's "notice" of discovery), was "an abuse of discretion" arising out of "unjustifiabl[e] bias" is also without foundation.  Plaintiff has not offered any evidence that demonstrates in what manner Magistrate Judge Kay improperly concluded that Plaintiff has consistently failed to comply with the Court's discovery orders in this case.  Not only did Plaintiff fail to comply with the letter of Magistrate Judge Kay's April 6, 2005 Order requiring a Notice of Discovery, she has also failed to comply with his December 8, 2004 Order.  Magistrate Judge Kay's December 8, 2004 Order (1) held that Plaintiff had "not complied substantively with discovery" because she had avoided responding "substantively" by disputing almost ever interrogatory made by Defendants and (2) ordered that Plaintiff submit "substantive" responses to Defendants' discovery requests.  *See Handy v. Shaw*, Civ. No. 00-2336, at 4-5 (D.D.C. Dec. 8, 2005) (order by Magistrate Judge Kay denying Plaintiff's Motion to Compel and granting Defendant's Motion to Compel).

Plaintiff now contends that Magistrate Judge Kay's December 8, 2004 and April 6, 2005 Orders ignore this Court's August 17, 2004 Order, wherein this Court stated that Plaintiff had complied with the Court's August 2, 2004 Order commanding Plaintiff to respond to Defendants' discovery requests.  *See Handy v. Shaw*, Civ. No. 00-2336, at 1-2 (D.D.C. Aug. 17, 2004). However, Plaintiff fails to recognize that this Court's August 17, 2004 Order simply noted:

"Plaintiff, by providing Defendants responses to the discovery requests has complied with the Court's [August 2, 2004] Order.  If the responses are deficient, Defendants, after good faith consultation with Plaintiff, may seek the Court's intervention." *Id.* at 2.  Defendants did conclude that Plaintiff's responses were inadequate, sought intervention from the Court, and the Court agreed that Plaintiff's responses were flawed. *See Handy v. Shaw*, Civ. No. 00-2336, at 5 (D.D.C. Dec. 8, 2005) (order by Magistrate Judge Kay denying Plaintiff's Motion to Compel and granting Defendant's Motion to Compel).  As such, there is no contradiction between this Court's August 17, 2004 Order and Magistrate Judge Kay's December 8, 2004 Order.

As of this date, Plaintiff has failed to comply with:  (1) Magistrate Judge Kay's December 8, 2004 Order requiring substantive responses to Defendants' Interrogatories; (2) Magistrate Judge Kay's April 6, 2005 Order requiring that Plaintiff file an objective Notice of Discovery; and (3) Magistrate Judge Kay's June 1, 2005 Order for Plaintiff to show cause pursuant to Rule 11 why she should not be sanctioned for discovery avoidance.  Seeking a diversion from her failures, Plaintiff now focuses on Magistrate Judge Kay's asserted bias against her, allegedly evident from his "pattern of deliberately issuing rulings that protect the lawyer defendants."  Pl.'s 6/20/05 Mot. for Reconsideration at 3.  Plaintiff proclaims that "**[j]ustice should not be predicated on whether or not the individual before the Court is a member of the judicial system.**" *Id.* at 4 (emphasis in original).  The Court cannot agree more -- justice in front of this Court should not and does not rest on whether a litigant is a member of the Bar.  However, the fact that Plaintiff is not a member of the Bar, and is proceeding *pro se*, does not shield her from the foundational procedural rules and requirements of "the judicial system."  Plaintiff must comply with these three (3) above-mentioned Orders <u>and</u> her discovery obligations if she intends

-20-

to adequately prosecute her case and escape possible dismissal pursuant to Federal Rule of Civil

Procedure 11.  Magistrate Judge Kay's "Show Cause" Order attempting to facilitate Plaintiff's

ultimate compliance with her obligations is perfectly appropriate, and is neither contrary to law

or clearly erroneous.  As such, the Court concludes that justice does not require a reversal of any

portion of his June 1, 2005 Order.

## II:  CONCLUSION

> If you delay to-morrow what ought to be done to-day, you overcharge the morrow
> with a burden which belongs not to it.  You load the wheels of time, and prevent it
> from carrying you along smoothly.  He who every morning plans the transactions
> of the day, and follows out the plan, carries on a thread which will guide him
> through the labyrinth of the most busy day.  The orderly arrangement of his time is
> like a ray of light which darts itself through all his affairs.  But where no plan is
> laid, where the disposal of time is surrendered merely to the chance of incidents,
> all things lie huddled together in one chaos, which admits neither distribution nor
> review.
> > - Hugh Blair, "On the Importance of Order in Conduct," Sermons, vol. 1,
> >   no. 16, p. 195 (1822).

Up until this point, the discovery process in this case has been rife with delay,

obfuscation, argument, and contention.  The typical "orderly arrangement" of the process --

where each party makes clear its requests, and then, after discussion, agreement, and cooperation,

gathers relevant evidence to support its position and to allow for a merits-based determination of

the issues -- has broken down, despite the best efforts of this Court and Magistrate Judge Kay.

At this point, Plaintiff has failed to comply with:  (1) Magistrate Judge Kay's December 8, 2004

Order requiring substantive responses to Defendants' Interrogatories; (2) Magistrate Judge Kay's

April 6, 2005 Order requiring that Plaintiff file an objective Notice of Discovery setting out her

specific discovery requests; and (3) Magistrate Judge Kay's June 1, 2005 Order for Plaintiff to

show cause pursuant to Rule 11 why she should not be sanctioned for discovery avoidance.

Plaintiff must comply with these Orders if she wishes to continue with the prosecution of this case.  The unending discovery delay in this case, the ceaseless pushing off of one's obligations to tomorrow in order to vex the other side with untenable motions, must end now.  Plaintiff must comply with these Orders, and must begin the process of production in order to show that she is making a good faith effort to prosecute this case.

For the reasons set forth above, the Court shall (1) deny Plaintiff's January 18, 2005 Request for a Court Ruling on Plaintiff's Motion for Damages or in the Alternative Certification for Appeal; (2) deny as moot Plaintiff's Motion for Stay of Proceedings; (3) deny Plaintiff's Request for Reconsideration of Magistrate Judge Kay's April 8, 2005 Order; and (4) deny Plaintiff's Motion for Reconsideration of Magistrate Judge Kay's June 1, 2005 Order.  An Order accompanies this Memorandum Opinion.

Date:  July 25, 2005

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge