UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY HANDY,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAW, BRANSFORD, VEILLEUX & ROTH, *et al.*,<br><br>    Defendants. | Civil Action No. 00-2336 (CKK) |

**MEMORANDUM OPINION**
(September 14, 2005)

On June 22, 2005, Plaintiff in this action brought a Motion to Stay Magistrate Judge Alan Kay from Proceedings Pending Adjudication of Plaintiff's Pending Motions, along with an accompanying Affidavit to Recuse. Defendants moved to strike Plaintiff's Affidavit on July 7, 2005. Plaintiff essentially requested that Magistrate Judge Kay recuse himself from involvement in this case based on two grounds: (1) the undersigned's alleged lack of authority to rule of certain motions, pursuant to 28 U.S.C. § 636 and Local Civil Rule 72; and (2) his alleged personal bias against Plaintiff.

In a Memorandum Order dated July 28, 2005, Magistrate Judge Kay denied Plaintiff's Motion to Stay and also denied as moot Defendants' Motion to Strike. *See Handy v. Shaw*, Civ. No. 00-2336, at 9 (D.D.C. July 28, 2005) (Magistrate Judge order denying motion to recuse). Judge Kay's ruling was founded upon two fundamental considerations. First, he concluded that he had authority to rule on the identified motions pursuant to 28 U.S.C. § 636(b)(1)(A)-(B) and

Local Civil Rule 72. *Id.* at 2. Because this Court's referral was limited to only "all . . . discovery matters that may arise" to the magistrate, the referral did not require the consent of the parties, as contended by Plaintiff. Instead, stressed Magistrate Judge Kay, "[c]onsent for referral to a magistrate judge is only required when a magistrate judge is designated to exercise civil jurisdiction under [S]ection 636(c)(1), or when a case is referred to a magistrate judge for all purposes." *Id.* at 3 (citations omitted). <u>Second</u>, Magistrate Judge Kay rejected Plaintiff's assertions that he was biased against her. *Id.* Because this was not a case in which his "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), Magistrate Judge Kay considered Plaintiff's allegations in light of Section 455(b), which provides that a judicial officer should disqualify himself "[w]here he has a personal bias or prejudice concerning the party." 28 U.S.C. § 455(b). Magistrate Judge Kay's Memorandum Order carefully scrutinized the existing record in this case, and concluded by rejecting her motion for recusal for two reasons: (1) Plaintiff failed to produce clear and convincing evidence that disqualification was warranted, as her claim of bias was predicated on subjective interpretations of his rulings that were contrary to the record in this case and insufficient to constitute "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Handy v. Shaw*, Civ. No. 00-2336, at 8 (D.D.C. July 28, 2005); and (2) Plaintiff's broad-based statements accusing him of protecting counsel for Defendants were conclusory and wholly unsubstantiated, *id.*

On August 15, 2005, Plaintiff filed a "Request for Reconsideration to Magistrate Judge Kay's Memorandum Order and Opposition to His Report and Recommendations, July 28, 2005," to which Defendants filed a Memorandum in Opposition on August 24, 2005. Plaintiff's

Request for Reconsideration challenges -- in part -- Magistrate Judge Kay's July 28, 2005 Memorandum Order relating to her recusal motion.  Plaintiff makes three major arguments in the context of recusal:  (1) she claims that Magistrate Judge Kay lacked the authority to decide her "Motion for Default Judgment or in the Alternative to Show Cause Why Defendant and Its Counsel should not Be Held in Contempt and Sanctioned," Pl.'s Req. for Recons. at 7-9; (2) she asserts that Magistrate Judge Kay's ruling incorrectly identifies the sequence of submitted motions, thereby demonstrating his prejudice, *id.* at 5-6; and (3) she contends that Magistrate Judge Kay issued several "conflicting and contravening rulings," *id.* at 6-7.

Upon a review of the portion of Plaintiff's Request for Reconsideration dealing with the recusal issue, it is clear that Plaintiff's objections are without merit.  Plaintiff's first claim -- her argument that Magistrate Judge Kay lacked the authority to decide her "Motion for Default" -- was already dealt with and denied by this Court in its lengthy July 25, 2005 Memorandum Opinion and Order.  *See Handy v. Shaw*, Civ. No. 00-2336, at 9-10 (D.D.C. July 25, 2005) (omnibus discovery-related opinion and order).  As noted by the Court in that ruling, Plaintiff's motion was best characterized as "discovery-related" because she was essentially asserting that Defendants needed to be penalized for the alleged obstruction of the discovery process in a deposition.  *Id.* at 10.  Because she was seeking contempt or other corrective and/or punitive actions for alleged discovery-related abuses by Defendants, Plaintiff's motion was well-within the bounds contemplated by Local Rule 72.2(a).  *Id.*  Given this Court's previous holding, the Court rejects Plaintiff's efforts to re-litigate this issue.

Plaintiff's second claim, that Magistrate Judge Kay incorrectly identified the sequence of submitted motions in his related July 28, 2005 Report and Recommendation, which dealt with how this case should proceed, is equally without foundation.  In one paragraph of this Report and Recommendation, Magistrate Judge Kay notes that "Plaintiff moved for reconsideration of the June 1, 2005 Memorandum Order, including a request that the trial court vacate the Order to Show Cause.  *See* [165].  Plaintiff's requests were denied by the trial court in a Memorandum Opinion and Order dated July 25, 2005." *Handy v. Shaw*, Civ. No. 00-2336, at 2 (D.D.C. July 28, 2005) (report and recommendation).  In the following paragraph, Magistrate Judge Kay begins, "Plaintiff then moved for the undersigned to recuse himself from this case." *Id.*  Plaintiff implicitly argues that this shows Magistrate Judge Kay's bias, as she actually submitted her motion for recusal on June 22, 2005 -- i.e., before this Court's decision, not after the July 25, 2005 ruling.  Pl.'s Req. for Recons. at 5-6.  A plain reading of Magistrate Judge Kay's order reveals nothing to substantiate Plaintiff's argument.  Rather, an equally plausible reading is that Magistrate Judge Kay simply noted that Plaintiff moved for reconsideration of his June 1, 2005 Order (which this Court ultimately denied on July 25, 2005) and next moved that he recuse himself on June 22, 2005.  As such, he was not somehow committing an "error of fact" and saying that she filed a recusal motion after this Court's July 25, 2005 ruling; instead, he was only taking a break from the sequential timeline of events in order to use the reference to this Court's July 25, 2005 ruling to inform the reader of the ultimate disposition of her motion for reconsideration.  Moreover, even if Plaintiff's interpretation was correct, and Magistrate Judge Kay's timeline was actually inaccurate, it would not rise to the level of deep-seated favoritism

and antagonism necessary to constitute grounds for recusal.

Plaintiff's third and final argument, that Magistrate Judge Kay is biased against her because he issued several "conflicting and contravening rulings," *id.* at 6-7, is also without merit. Once again, Plaintiff is simply rehashing arguments already decided by this Court. In this Court's July 25, 2005 Memorandum Opinion and Order, the Court noted:

> Plaintiff now contends that Magistrate Judge Kay's December 8, 2004 and April 6, 2005 Orders ignore this Court's August 17, 2004 Order, wherein this Court stated that Plaintiff had complied with the Court's August 2, 2004 Order commanding Plaintiff to respond to Defendants' discovery requests. *See Handy v. Shaw*, Civ. No. 00-2336, at 1-2 (D.D.C. Aug. 17, 2004). However, Plaintiff fails to recognize that this Court's August 17, 2004 Order simply noted: "Plaintiff, by providing Defendants responses to the discovery requests has complied with the Court's [August 2, 2004] Order. If the responses are deficient, Defendants, after good faith consultation with Plaintiff, may seek the Court's intervention." *Id.* at 2. Defendants did conclude that Plaintiff's responses were inadequate, sought intervention from the Court, and the Court agreed that Plaintiff's responses were flawed. *See Handy v. Shaw*, Civ. No. 00-2336, at 5 (D.D.C. Dec. 8, 2005) (order by Magistrate Judge Kay denying Plaintiff's Motion to Compel and granting Defendant's Motion to Compel). As such, there is no contradiction between this Court's August 17, 2004 Order and Magistrate Judge Kay's December 8, 2004 Order.

*Handy v. Shaw*, Civ. No. 00-2336, at 19-20 (D.D.C. July 25, 2005) (omnibus discovery-related opinion and order). Given that Plaintiff's argument regarding "conflicting and contravening" rulings is contrary to the record at hand and has already been denied by this Court, the Court finds Plaintiff's rehashed objection to be without foundation.

Ultimately, Plaintiff has failed to show that "justice requires" that this Court reverse Magistrate Judge Kay's denial of her motion for recusal. Plaintiff has not supported her assertions of bias with anything in the record, and has instead attempted to resurrect moribund arguments already rejected by this Court. Accordingly, the Court shall deny Plaintiff's Request

for Reconsideration as it relates to Magistrate Judge Kay's July 28, 2005 Memorandum Order denying her Motion to Stay him from Proceedings Pending Adjudication of Plaintiff's Pending Motions.  An Order accompanies this Memorandum Opinion.

Date:  September 14, 2005

                                              /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge