UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY HANDY,

    Plaintiff,

     v.                                                                 Civil Action No. 00-2336 (CKK)

SHAW, BRANSFORD, VEILLEUX &
ROTH, *et al.*,

    Defendants.

**MEMORANDUM OPINION**
(September 14, 2005)

In its Memorandum Opinion and Order dated July 25, 2005, this Court conducted an in-

depth discussion of the tortured history of discovery in this case.  *See Handy v. Shaw*, Civ. No.

00-2336 (D.D.C. July 25, 2005) (omnibus discovery-related opinion and order).  As the Court

noted, despite the fact that over fourteen (14) months of alleged discovery had passed as of July

25, 2005, "no documentary evidence has been exchanged between the parties, and while Plaintiff

has ultimately provided responses to Defendants' Interrogatories, her responses were 'absolutely

non-responsive and serve[d] no useful purpose,' as she 'respond[ed] substantively by disputing

almost every interrogatory made by the Defendants.'"  *Id.* at 1 (citing *Handy v. Shaw*, Civ. No.

00-2336, at 5 (D.D.C. Dec. 8, 2005) (order by Magistrate Judge Kay denying Plaintiff's Motion

to Compel and granting Defendant's Motion to Compel)).  In reviewing the history of discovery,

the Court emphasized Plaintiff's history of noncompliance with various orders issued by this

Court and Magistrate Judge Alan Kay in this case.  The Court stressed that, at the time of its

decision,

> Plaintiff has failed to comply with: (1) Magistrate Judge Kay's December 8, 2004
> Order requiring substantive responses to Defendants' Interrogatories; (2)
> Magistrate Judge Kay's April 6, 2005 Order requiring that Plaintiff file an
> objective Notice of Discovery setting out her specific discovery requests; and (3)
> Magistrate Judge Kay's June 1, 2005 Order for Plaintiff to show cause pursuant to
> Rule 11 why she should not be sanctioned for discovery avoidance.

*Id.* at 21. The Court further stressed that "Plaintiff must comply with these three (3) above-

mentioned Orders and her discovery obligations if she intends to adequately prosecute her case

and escape possible dismissal pursuant to Federal Rule of Civil Procedure 11." *Id.* at 20-21.

In response to this Court's July 25, 2005 Memorandum Opinion and Order, Magistrate

Judge Kay reaffirmed Plaintiff's dilatory history and overall noncompliance, and issued a

"Report and Recommendation" on July 28, 2005 wherein he concluded:

> [i]n light of the Plaintiff's continued noncompliance, the undersigned
> RECOMMENDS that the trial court stay all proceedings in this case for a period
> of sixty (60) days, pending the Plaintiff's compliance with all three Orders
> enumerated in the trial court's Memorandum Opinion and Order dated July 25,
> 2005. In the event that the Plaintiff fails to comply with her discovery obligations
> and with the Court's directives within sixty (60) days, it is further
> RECOMMENDED that the trial court entertain a motion to dismiss the case for
> failure to prosecute.

*Handy v. Shaw*, Civ. No. 00-2336 (D.D.C. July 28, 2005) (report and recommendation).

On August 15, 2005, Plaintiff filed a "Request for Reconsideration to Magistrate Judge

Kay's Memorandum Order and Opposition to His Report and Recommendations, July 28, 2005,"

to which Defendants filed a Memorandum in Opposition on August 24, 2005. Plaintiff's

Request for Reconsideration -- in part -- objects to the idea of a sixty (60) day stay as set forth in

Magistrate Judge Kay's Report and Recommendation. Plaintiff makes two central arguments in

2

response to Magistrate Judge Kay's recommendation of a sixty (60) day stay: (1) Plaintiff

contends that rulings by this Court and Magistrate Judge Kay have misstated the history of

discovery in this case by failing to mention that this Court's August 17, 2004 Order ruled that

Plaintiff's July 28, 2004 Response to Defendant's discovery requests complied with its

obligations, Pl.'s Req. for Recons. at 4; and (2) Plaintiff claims that Defendants have avoided

their discovery obligations in this case, and that further delay would simply benefit Defendants to

her detriment, *id.* at 5.

Each of Plaintiff's assertions are without merit. <u>First</u>, it is Plaintiff that has consistently

misrepresented the record of discovery in this case. Importantly, Plaintiff has distorted the true

holding of this Court's August 17, 2004 Order. This Court's August 17, 2004 Order simply

noted: "Plaintiff, by providing Defendants responses to the discovery requests has complied with

the Court's [August 2, 2004] Order. If the responses are deficient, Defendants, after good faith

consultation with Plaintiff, may seek the Court's intervention." *Id.* at 2. As such, while the

Court initially concluded that Plaintiff had complied with the letter of its August 2, 2004 Order,

the Court left open the possibility that Plaintiff might well have contravened its spirit by

providing responses to discovery requests that were evasive, incomplete, non-substantive, or

inadequate. Upon review, Defendants did conclude that Plaintiff's responses were inadequate,

sought intervention from the Court, and the Court ultimately agreed that Plaintiff's responses

were flawed. *See Handy v. Shaw*, Civ. No. 00-2336, at 5 (D.D.C. Dec. 8, 2005) (order by

Magistrate Judge Kay denying Plaintiff's Motion to Compel and granting Defendant's Motion to

Compel). Given this finding, it is plain that Plaintiff has not complied with her obligation to

provide adequate responses to Defendant's discovery requests, despite this Court's rulings. Plaintiff's attempts to (mis)characterize the record are unavailing:  simply, Plaintiff has chosen not to comply with her fundamental discovery obligations.

Plaintiff's second argument -- that the delay in discovery has been the fault of Defendants, and such delay has been to their benefit -- is equally without foundation.  A veritable deluge of rulings by both this Court and Magistrate Judge Kay indicate that Plaintiff has provided the impetus behind the majority of the delay in this case.  Importantly, at the time of this Court's major July 25, 2005 Memorandum Opinion and Order, Plaintiff had failed to comply with:  (1) Magistrate Judge Kay's December 8, 2004 Order requiring substantive responses to Defendants' Interrogatories, despite the fact that over seven months had passed; (2) Magistrate Judge Kay's April 6, 2005 Order requiring that Plaintiff file an objective Notice of Discovery setting out her specific discovery requests, despite the fact that over three months had passed; and (3) Magistrate Judge Kay's June 1, 2005 Order for Plaintiff to show cause pursuant to Rule 11 why she should not be sanctioned for discovery avoidance, despite the passage of nearly two months.  *See Handy v. Shaw*, Civ. No. 00-2336, at 21 (D.D.C. July 25, 2005) (omnibus discovery-related opinion and order).  These are not onerous tasks; indeed, these tasks do not even constitute the base level of Plaintiff's discovery obligations.  Indeed, Plaintiff still must provide the documentary evidence requested by Defendants -- based upon the current record, it appears as though Plaintiff has not yet handed over one shred of paper relevant to her case to Defendants despite this Court's January 5, 2005 Minute Order that required the parties to complete "all fact discovery . . . by Thursday, June 30, 2005, with no further objections."  *Handy v. Shaw*, Civ. No. 00-2336 (D.D.C.

Jan. 5, 2005) (minute order).  Moreover, Plaintiff must also submit to a deposition taken by

Defendants, and participate in depositions that she plans to take, *see Handy v. Shaw*, Civ. No. 00-

2336, at 1 (D.D.C. Jan. 30, 2005) (order on deposition-related disputes), in accordance with the

Deposition Protocol Order entered by this Court, *see Handy v. Shaw*, Civ. No. 00-2336, at 1-4

(D.D.C. Jan. 28, 2005) (deposition protocol order).  There is no evidence on the record to suggest

that Plaintiff has followed through on these obligations as well.

　　While Plaintiff consistently harps on Defendant's alleged lack of action in this discovery

process, she overlooks this fundamental fact:  as a plaintiff in a litigation, she bears the burden of

proof and production.  She is the one that desires to move forward with this action, and alleges

injury.  Given that it is her responsibility to prosecute this action, Plaintiff must be the first party

to move forward and (1) set out an adequate, substantive Notice of Discovery, as required, and

(2) provide adequate, complete, substantive, and non-evasive responses to Defendant's discovery

requests; Plaintiff must also (3) provide substantive responses to various court orders, as

required.  Contrary to her assertions, the proposed stay does not benefit Defendants in this case;

rather, it provides Plaintiff with an uninterrupted period of time with which to finally

demonstrate good faith in this litigation and adequately answer the three identified orders.  Such

a stay simply buys time for Plaintiff before the Court would consider any possible motion to

dismiss for failure to prosecute.

　　Given the record of the discovery process in this case, the contours of the various rulings

issued by this Court and Magistrate Judge Kay in this case, and Plaintiff's failure to respond to

three major discovery-related rulings, the Court shall adopt Magistrate Judge Kay's Report and

Recommendation and shall stay this case for sixty (60) days -- until Monday, November 14, 2005

-- pending Plaintiff's compliance with the three Orders enumerated in this Opinion and this

Court's July 25, 2005 Memorandum Opinion.  Plaintiff's compliance may not be illusory; rather,

Plaintiff must comply with the letter and spirit of those rulings, and provide detailed, substantive

responses that adequately address the concerns and directives contained within those Orders.  In

the event that Plaintiff fails to comply with her discovery obligations and the Court's directives

by November 14, 2005, Plaintiff is on notice that she risks further sanctions.  An Order

accompanies this Memorandum Opinion.

Date:  September 14, 2005


                                                   _/s/_ _____
                                                   COLLEEN KOLLAR-KOTELLY
                                                   United States District Judge