UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY HANDY,

    Plaintiff,

    v.

SHAW, BRANSFORD, VEILLEUX
& ROTH, *et al.*,

    Defendants.

Civil Action No. 00-2336 (CKK)

**MEMORANDUM OPINION**
(December 22, 2006)

Currently before the Court is the Renewed Motion for Summary Judgment as to the

Plaintiff's Third Amended Complaint brought by Defendants Shaw, Bransford, Veilleux & Roth,

P.C., William L. Bransford, Esquire, and Robert E. Gans, Esquire (collectively "Defendants").

In response to Defendants' Renewed Motion for Summary Judgment, Plaintiff has filed a one-

paragraph submission indicating that she believes Defendants' Renewed Motion to be improper

because she has filed an appeal in this case with the U.S. Court of Appeals for the D.C. Circuit,

and also indicating that she wishes to incorporate a prior pleading in opposition to Defendants'

Motion.  As the Court has previously explained in two written Orders, the Court has not

dismissed Plaintiff's case nor made any final decision affecting the viability of her claims, and

Plaintiff is therefore mistaken in her belief that her case is ripe for appeal.  Moreover, based on a

searching review of the copious pleadings filed by each party, the relevant case law, and the

entire record herein, the Court shall grant Defendants' Renewed Motion for Summary Judgment

as to Plaintiff's Third Amended Complaint.

# I: BACKGROUND

Rather than repeat the tortured history of Plaintiff's non-compliance with her basic discovery obligations in this case, and the multitude of motions that she has filed seeking to turn this Court's attention to any issue other than this failure, the Court notes these basic facts.[1]   At a June 29, 2006 hearing before Magistrate Judge Alan Kay, the Magistrate directed that Plaintiff was to submit, by July 21, 2006, (1) a detailed explanation of all discovery materials that she has provided Defendant; (2) a clear statement of how she has complied with Magistrate Judge Kay's December 8, 2004 Order requiring substantive responses to Defendants' Interrogatories, Magistrate Judge Kay's April 6, 2005 Order requiring that Plaintiff file an objective Notice of Discovery setting out her specific discovery requests, and Magistrate Judge Kay's June 1, 2005 Order requiring Plaintiff to show cause pursuant to Rule 11 why she should not be sanctioned for discovery avoidance; and (3) a clear, succinct statement as to whether or not – if this case were to go to trial – Plaintiff would have an expert witness to testify on the issue of legal malpractice.  As of June 29, 2006, this Court and Magistrate Judge Kay had given Plaintiff over 1.5 years to comply with these basic obligations, and Magistrate Judge Kay's Order of that date was his last-ditch effort to focus Plaintiff on her basic duties in prosecuting this case.

Nevertheless, Plaintiff failed to respond to either Magistrate Judge Kay's Order or this Court's July 6, 2006 Order reaffirming her obligations.  Instead, Plaintiff (1) filed a Motion to Invalidate the Orders of Magistrate Judge Kay for lack of jurisdiction, and (2) appealed this case

---

[1] For a full history of Plaintiff's non-compliance, see this Court's July 6, 2006 Order, its series of Opinions and Orders issued on September 14, 2005, and its July 25, 2005 Memorandum Opinion and Order, as well as the various orders entered in this action by Magistrate Judge Alan Kay.

to the D.C. Circuit.  However, as this Court explained in its July 6, 2006 and August 31, 2006

Orders, Plaintiff's actions were premised on a faulty assumption: the Court has not dismissed

Plaintiff's case, nor has it made any final decision affecting the viability of her claims up to this

point.  Rather, as frequently explained, the Court's September 14, 2005 Opinions and Orders

merely stayed the case for sixty (60) days to provide Plaintiff additional time for compliance and

an opportunity for the Court to measure her progress in meeting both her discovery obligations

and Magistrate Judge Kay's orders.

  As a result, this Court's August 31, 2006 Order denied Plaintiff's Motion to Invalidate the

Orders of Magistrate Judge Kay and, in light of Plaintiff's failure to indicate that she had

complied with any discovery-related order issued by this Court or Magistrate Judge Kay, directed

Defendants to file a renewed Motion to Dismiss and/or for Summary Judgment in this case, set

forth a briefing schedule for that motion, and specifically advised Plaintiff of her responsibilities

in responding to Defendants' motion.[2]  Defendants filed their Renewed Motion for Summary

Judgment as to the Plaintiff's Third Amended Complaint on September 28, 2006, and

incorporated by reference therein their two previous Motions for Summary Judgment.  Defs.'

Mem. of P. & A. in Support of Their Renewed Mot. for Summ. J. as to the Plaintiff's Third Am.

Compl. (hereinafter "Defs.' Renewed Mot. for Summ. J.").  In response to Defendants' Renewed

---

[2] Defendants originally filed a Motion for Summary Judgment on September 2, 2004, which the Court denied without prejudice on January 5, 2005 following the December 8, 2004 Report and Recommendation of Magistrate Judge Kay, in order to provide Plaintiff another opportunity to comply with her discovery obligations.  Defendants filed a similar motion for summary judgment on March 2, 2005, which the Court again denied without prejudice in a March 9, 2005 Order to allow for the completion of discovery in this matter.  However, as all efforts to prod Plaintiff into complying with her discovery-related obligations had failed, the Court's August 31, 2006 Order determined that a renewed Motion to Dismiss/for Summary Judgment by Defendants was proper.

Motion, on October 14, 2006, Plaintiff filed a one-paragraph submission in which she again

mistakenly asserted that Defendants' Renewed Motion was improper in light of her August 29,

2006 appeal, and further stated that "[sic] case record shows Defendants' motion *as to Plaintiff's*

*third amended complaint* was a motion for *default judgment*. Plaintiff filed opposition and

incorporates herein by reference." Pl.'s Filing Re: Defs.' Renewed Mot. for Summ. J. As To The

Plaintiff's Third Amended Complaint (emphasis in original).[3]   In a filing dated October 19, 2006,

Defendants asked the Court to disregard Plaintiff's one-paragraph submission based on its

inaccurate assertion that this case was closed. Thereafter, on November 10, 2006, Defendants

filed a Reply to Plaintiff's Lack of Opposition to the Defendants' Renewed Motion for Summary

Judgment as to the Plaintiff's Third Amended Complaint.

## II: LEGAL STANDARDS

A party is entitled to summary judgment if the pleadings, depositions, answers to

interrogatories, and affidavits demonstrate that there is no genuine issue of material fact in

dispute and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P.

56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Although a court should draw all

reasonable inferences from the supporting records submitted by the nonmoving party, the mere

existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson*

---

[3] On its face, Plaintiff's October 14, 2006 filing appears to incorporate by reference her Opposition to Defendants' Motion for Default Judgment as to Plaintiff's Third Amended Complaint, filed May 27, 2005. However, as Plaintiff's October 14, 2006 filing is somewhat unclear, in addressing Defendants' Renewed Motion for Summary Judgment the Court has also considered (1) Plaintiff's March 11, 2005 Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Plaintiff's Third Amended Complaint; and (2) Plaintiff's December 23, 2004 Objections to Magistrate Judge's December 8, 2004 Report and Recommendation, and Memorandum Orders.

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The adverse party's pleadings must evince the existence of a genuine issue of material fact.  *See id.* at 247–48.  To be material the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficiently admissible evidence such that a reasonable trier-of-fact could find for the nonmoving party.  *See id.*; *Aka v. Washington Hosp. Ctr.*, 116 F.3d 876, 879 (D.C. Cir. 1997); *Laningham v. United States Navy*, 813 F.2d 1236, 1242–43 (D.C. Cir. 1987).  Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an otherwise proper motion for summary judgment.  Rather, the nonmoving party bears the affirmative duty to present, by affidavits or other means, specific facts showing that there is a genuine issue for trial; not simply "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson*, 477 U.S. at 248–49.  No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Id.* at 587.

### III: DISCUSSION

Defendants' Renewed Motion for Summary Judgment asserts three separate and independent grounds for summary judgment or dismissal as to Plaintiff's Third Amended Complaint.  First, Defendants argue that under District of Columbia law, Plaintiff is required to designate an expert in order to sustain a *prima facie* case for legal malpractice and that her failure to do so requires an entry of summary judgment for Defendants.  Defs.' Renewed Mot. for Summ. J. at 6-8.  Second, Defendants assert that the Court should involuntarily dismiss Plaintiff's Third Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure

41(b) for Plaintiff's failure to comply with Orders entered by this Court and Magistrate Judge Kay, failure to comply with the Federal Rules of Civil Procedure, and attendant failure to prosecute this action. *Id.* at 8-9. Finally, Defendants argue that dismissal of Plaintiff's Third Amended Complaint is appropriate under Federal Rule of Civil Procedure 37(b)(2)(C) based on Plaintiff's failure to comply with various discovery-related orders, including her failure to comply with Magistrate Judge Kay's December 8, 2004 Order that Plaintiff substantively respond to Defendants' May 28, 2004 Interrogatories. *Id.* at 10-14. The Court agrees with Defendants that Plaintiff's failure to designate an expert is fatal to her claims of legal malpractice and, as a result, the Court shall grant Defendants' Renewed Motion for Summary Judgment as to Plaintiff's Third Amended Complaint. The Court is also convinced that dismissal of Plaintiff's Third Amended Complaint is appropriate under either Federal Rules of Civil Procedure 41(b) or 37(b)(2)(C) based on Plaintiff's willful refusal to comply with her discovery obligations in this case, as well as numerous Orders of this Court and of Magistrate Judge Kay.

      A.     *Failure to Designate an Expert*

Under District of Columbia law "[w]hether a complaint is based on tort or breach of contract . . . the liability of an attorney for failure to properly perform his duties is governed by the same general standard of care." *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982). "In short, the 'reasonable skill' promised in [a contractual] agreement is the same as the 'reasonable skill' which an attorney must display to avoid tort liability." *Id.* Thus, although Plaintiff's Third Amended Complaint nominally includes allegations of breach of contract and fraudulent misrepresentation as well as legal malpractice, all of her claims require her to establish a *prima facie* case of legal malpractice. To do so, "the plaintiff must establish the applicable standard of

care, that the attorney violated the standard, and that the violation caused a legally cognizable injury." *Kaempe v. Myers*, 367 F.3d 958, 966 (D.C. Cir. 2004) (citing *O'Neil*, 452 A.2d at 341)); *see also Mavity v. Fraas*, Civ. A. No. 05-0107 (RMU), 2006 WL 2868250, at *2 (D.D.C. Oct. 10, 2006) (citing *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1174 (D.C. Cir. 2003)). Furthermore, under District of Columbia law, to meet the first of these requirements, the plaintiff "must present expert testimony establishing the standard of care unless the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge." *Kaempe*, 367 F.3d at 966 (citing *O'Neil*, 452 A.2d at 341); *Mavity*, 2006 WL 2868250 at *2 (citing *Athridge*, 351 F.3d at 1174).

Plaintiff retained the Defendant law firm on July 31, 1996 "in connection with [her] employment with the Federal Aviation Administration." Defs.' Stmt. of Mat. and Rel. Facts Not in Dispute (hereinafter "Defs.' Stmt. of Mat. Facts") ¶ 1 & Ex. 1 (7/31/96 Fee Agreement signed by W. Bransford and D. Handy). Plaintiff's Title VII case proceeded to trial on September 22, 1997 and the jury returned a verdict in favor of the defendant in that case on September 29, 1997. Defs.' Stmt. of Mat. Facts ¶¶ 2-3. With respect to her discrimination lawsuit, Plaintiff's Third Amended Complaint alleges that Defendants breached their contract with Plaintiff by "failing to represent her" on specific issues discussed before the contractual agreement was signed, *id.* ¶ 8, and further asserts that the law firm "fraudulently misrepresented itself inducing Plaintiff into contract [sic]" by holding the firm out as experts and fraudulently misrepresenting who would handle Plaintiff's Complaint," *id.* ¶ 9.

Moreover, Plaintiff alleges that Defendants "failed to provide even competent representation and standard of care [sic] generally afforded clients and is [sic] expected of

counsel not claiming a specific level of expertise," and specifically criticizes various aspects of

Defendants' pre-trial preparation and trial performance, including Defendant's alleged "refus[al]

to depose Agency's Medical Expert who examined the Plaintiff," obtain the Expert's Report, or

examine the medical expert at trial.  *Id.* ¶¶ 11-16.  Plaintiff further alleges that Defendants failed

to timely notify Plaintiff of her right to appeal, *id.* ¶ 17, failed to reasonably communicate a

settlement offer to Plaintiff, *id.* ¶ 18, and engaged in a conflict of interest by "representing clients

of the same agency having opposing issues," *id.* ¶ 19.  In addition, Plaintiff's Third Amended

Complaint alleges that Defendants "entered into a contractual agreement to represent the Plaintiff

in her claim for libel and slander" but "permitted the statute of limitation to run" on this claim,

"foreclosing Plaintiff's right to relief."  *Id.* ¶ 7.[4]

As noted above, in order to prevail at trial on any of her claims, whether styled as breach

of contract, fraudulent misrepresentation, or legal malpractice, Plaintiff must present expert

testimony regarding the relevant standard of care, unless Defendants' lack of care is so obvious

that the jury could find negligence as a matter of common knowledge.  *Kaempe*, 367 F.3d at 966

(citing *O'Neil*, 452 A.2d at 341); *Mavity*, 2006 WL 2868250 at *2 (citing *Athridge*, 351 F.3d at

1174).  Indeed, Defendants have previously argued that Plaintiff's failure to identify an expert

necessitates a grant of summary judgment in their favor, *see* Defs.' 9/2/04 Mem. of P. & A. in

Support of Their Mot. for Summ. J., and Magistrate Judge Kay addressed that argument in his

---

[4] Plaintiff's previous complaints did not include specific allegations concerning fraudulent misrepresentation or the expiration of the statute of limitation for Plaintiff's alleged action for libel and slander, but did include a claim for $1,000,000 in damages for a "Libel suit objective for which Plaintiff sought relief and Defendant failed to represent."  *See* Second Am. Compl. at 4.  As a result, the Court's January 30, 2005 Order directed Plaintiff to file a Third Amended Complaint describing those claims with specificity and the facts to support them, or forfeit her ability to litigate those claims.

December 8, 2004 Report and Recommendation, in which he noted that "Plaintiff's claim involves several complex issues relating to a Title VII trial conducted by the Defendants and their law firm . . . [and] presents no such instance in which a finder of fact could make a finding of negligence as a matter of common knowledge." *Handy v. Shaw, et al.*, Civ. No. 00-2336 (D.D.C. Dec. 8, 2004) (report and recommendation) at 2.  In his December 8, 2004 Report and Recommendation, Magistrate Judge Kay agreed with Defendants that Plaintiff was required to identify an expert in order to establish a *prima facie* case, and that summary judgment for Defendants was justified as a result.  *Id.* at 2.  However, in light of the fact that discovery in this case was still outstanding as of December 2004, Magistrate Judge Kay recommended that "Plaintiff be afforded a final opportunity" to complete discovery in this matter, speculating that "[i]t is at the least conceivable that with the benefits of discovery, the Plaintiff will see fit to solicit the services of an expert to testify on her behalf." *Id.* at 2-3.  The Court adopted Magistrate Judge Kay's Report and Recommendation on January 5, 2005, and denied Defendants' Motion for Summary Judgment without prejudice.

More than two years have passed since Magistrate Judge Kay's suggestion to Plaintiff that she identify an expert or risk summary judgment in favor of Defendants, yet Plaintiff appears no more likely at this point to retain an expert than she did in December 2004.  During her February 4, 2005 deposition, Plaintiff was asked whether she had "retained an expert witness to present evidence to testify in [her] behalf in connection with this case on the standard of care." Defs.' Renewed Mot. for Summ. J., Ex. 3 (excerpts of 2/4/05 Handy Dep.) at 236:19-21. Plaintiff responded that she "ha[d] not retained an expert" and that she had no "intentions at this point to produce an expert." *Id.* at 237:1-20.  Furthermore, during the June 29, 2006 Status

Conference in this case before Magistrate Judge Kay, Magistrate Judge Kay questioned Plaintiff

extensively as to whether she had hired an expert or planned to do so. *Handy v. Shaw, et al.*, Civ.

No. 00-2336 (D.D.C. Jun. 29, 2006) (transcript of Status Conf.) at 13:11-15:23. When Plaintiff

responded that she did not feel comfortable addressing the issue of an expert witness at the Status

Conference, Magistrate Judge Kay directed Plaintiff to file by July 21, 2006, *inter alia*, a clear,

succinct statement as to whether or not – if this case were to go to trial – Plaintiff would have an

expert witness to testify on the issue of legal malpractice. *Id.* at 15:21-19:14. As discussed

above, however, Plaintiff failed to do so.

The Court is thus left with the inescapable conclusion that Plaintiff has not retained an

expert witness to testify as to the standard of care in this case, and that she has no intention to do

so. The question, then, is whether Plaintiff is required to retain an expert witness to succeed on

her claim of legal malpractice or whether, instead, Plaintiff's claims are of the type that fall into

the "common knowledge" exception to that requirement. *Kaempe*, 367 F.3d at 966 (citing

*O'Neil*, 452 A.2d at 341); *Mavity*, 2006 WL 2868250 at *2 (citing *Athridge*, 351 F.3d at 1174).

Examples of attorney actions that fall within the "common knowledge" exception include:

allowing a statute of limitations to run on a client's claim; permitting entry of default judgment

against a client; failing to instruct the client to answer interrogatories; failing to allege affirmative

defenses; failing to file tax returns; failing to follow the client's explicit instructions; and billing

a client for time not spent providing services. *Kaempe*, 367 F.3d at 966 (citing *O'Neil*, 452 A.2d

at 342; *Hamilton v. Needham*, 519 A.2d 142, 175 (D.C. 1986); and *Shapiro Lifschitz & Schram,*

*P.C. v. R.E. Hazard, Jr.*, 97 F. Supp. 2d 8, 12 (D.D.C. 2000)).

Magistrate Judge Kay has previously determined that this case involves "complex issues"

10

that would require Plaintiff to present expert testimony to establish the standard of care, *Handy v. Shaw, et al.*, Civ. No. 00-2336 (D.D.C. Dec. 8, 2004) (report and recommendation) at 2, and this Court agrees with Magistrate Judge Kay's assessment.  In her December 23, 2004 Objections to Magistrate Judge's December 8, 2004 Report and Recommendation, Plaintiff addressed Magistrate Judge Kay's conclusion that her case was a "complex" one, arguing that a "reasonable juror having *common knowledge* could easily make a finding on the issue of gross negligence." Pl.'s Obj. to Mag. Judge's December 8, 2004 Rep. and Recomm. (hereinafter Pl.'s Obj. to R&R) at 5-6.[5]  Despite Plaintiff's assertion, however, with the possible exception of one discussed below, the alleged errors included in Plaintiff's Third Amended Complaint are not of the type that would be obvious to a lay juror, and as such cannot be deemed to constitute "common knowledge."  *Kaempe*, 367 F.3d at 966.

Specifically, Plaintiff's Third Amended Complaint alleges that Defendants failed to provide the "expert" representation they promised to Plaintiff and that Defendants' pre-trial preparation and trial strategy "failed to provide even competent representation and standard of care [sic] generally afforded clients and [sic] is expected of general counsel not claiming a special level of expertise."  Third Am. Compl. ¶¶ 9, 11.  Plaintiff challenges Defendants' level of preparation for trial, knowledge of evidence in Defendants' possession, failure to object at trial to testimony adverse to Plaintiff, and alleged refusal to depose or examine at trial the medical expert who examined Plaintiff on behalf of the Agency.  *Id.* ¶¶ 11-16.  However, decisions of the

---

[5] The Court notes that Plaintiff's Objections to Magistrate Judge Kay's December 8, 2004 Report and Recommendation was filed more than a year before Plaintiff filed her Third Amended Complaint.  Nevertheless, as none of Plaintiff's filings subsequent to her Third Amended Complaint address the expert witness issue, the Court shall consider her prior filing insofar as it speaks to the issue at hand.

type Plaintiff attacks – tactical pre-trial and trial decisions –  are generally held to be within the

discretion of the attorney, and as such, expert testimony is certainly required regarding the

appropriate standard of care.  *Mavity*, 2006 WL 2868250 at *3 (quoting *Williams v. Callaghan*,

938 F. Supp. 46, 50) (D.D.C. 1996)).

Only one of Plaintiff's allegations – that Defendants "permitted the statute of limitation to

run foreclosing Plaintiff's right to relief" on her alleged claim for libel and slander, Third Am.

Compl. ¶ 7 – appears even remotely likely to fall within the "common knowledge" exception

and, in fact, Plaintiff argues as much in her Objections to Magistrate Judge Kay's December 8,

2004 Report and Recommendation.  Pl.'s Obj. to R&R at 6.  However, Defendants' March 2,

2005 Motion for Summary Judgment makes clear that Plaintiff's statute of limitations claim does

not involve the type of obvious error that is within the "common knowledge" of a lay juror.

*See* Mem. of P. &. A. in Support of the Defs.' Mot. to Dismiss, or in the Alt., Mot. for Summ. J.

as to the Pl.'s Third Am. Compl. (hereinafter "Defs.' 3/2/05 Mot. for Summ. J.") at 6-8.[6]

Defendants argue that they were not retained by Plaintiff until more then one year after Plaintiff

"discovered" the alleged libel, and that as a result, Plaintiff's libel cause of action was already

time-barred when Defendants began representing Plaintiff.  *Id.*  Thus, Defendants argue, they

could not have breached any duty to Plaintiff, because they owed her no duty when her libel

cause of action expired.  *Id.*  For her part, Plaintiff disputes Defendants' claim that her libel

_____

[6] Defendants' Renewed Motion for Summary Judgment explicitly incorporates by reference their March 2, 2005 Motion for Summary Judgment. Defs.' Renewed Mot. for Summ. J. at 7.  Moreover, it is entirely appropriate for the Court to consider Defendants' March 2, 2005 Motion for Summary Judgment in connection with their Renewed Motion for Summary Judgment because the Court has also considered a number of Plaintiff's prior filings.  *See supra* note 2.

12

cause of action was time-barred when she retained Defendants.  Pl.'s Opp. to Def.'s Mot. to Stay

Disc. Pending Resol. of Defs.' Mot. to Dismiss, or in the Alt., Mot. for Summ. J. as to Pl.'s Third

Am. Compl. at 5-6.  In any event, it is obvious to the Court that Plaintiff's statute of limitations

allegations are far from the type of run of the mill statute of limitations claim that can easily be

decided by a lay juror, but rather would require expert testimony as to the applicable statute of

limitations, the conditions necessary to trigger that statute of limitations in order to determine if

time-barred as Defendants claim, and the commencement of the attorney-client relationship

between Plaintiff and Defendants.

As a result, in order to prevail with respect to any of her allegations, Plaintiff would be

required to present expert testimony to establish the relevant standard of care, a key element of

Plaintiff's *prima facie* case of legal malpractice.  Nevertheless, Plaintiff has failed to identify an

expert witness and has not indicated any intention to do so, despite repeated warnings by this

Court and Magistrate Judge Kay.  Plaintiff's failure to retain an expert precludes her from

prevailing as a matter of law, and the Court shall therefore grant Defendants' Renewed Motion

for Summary Judgment.

### B.    *Failure to Comply with Court Orders and Provide Necessary Discovery*

In addition to granting summary judgment on the merits as to Plaintiff's Third Amended

Complaint, the Court is convinced that dismissal of Plaintiff's Third Amended Complaint is

appropriate under either Federal Rules of Civil Procedure 41(b) or 37(b)(2)(C) based on

Plaintiff's willful refusal to comply with her discovery obligations in this case as well as the

numerous Orders entered by this Court and by Magistrate Judge Kay directing Plaintiff to comply

with those obligations.

As noted above, Defendant has failed to provide substantive responses to Defendant's Interrogatories in the two years since Magistrate Judge Kay's December 8, 2004 Order directed her to do so,[7] and has likewise failed to present, as required by Magistrate Judge Kay's June 29, 2006 Order, either a detailed explanation of all discovery materials that she has provided Defendant or a clear, succinct statement as to whether or not – if this case were to go to trial – Plaintiff would have an expert witness to testify on the issue of legal malpractice.  In addition, it appears that to date Plaintiff has only produced four documents: (1) an April 5, 1996 Memorandum from Ernestine Hunter; (2) a July 29, 2997 Memorandum from Manager, Air Traffic Division, ANM-500; (3) a redacted draft Complaint against the firm that conducted the "work environment assessment" of Plaintiff's department at the Federal Aviation Administration that allegedly forms the basis of Plaintiff's claim for libel and slander, Defs.' 3/2/05 Mot. for Summ. J.; and (4) a copy of a Federal Aviation Administration Supervisor's Handbook.  Defs.' Renewed Mot. for Summ. J. at 4-5.  Moreover, Plaintiff has refused to submit to a Rule 35 independent medical examination, to which Defendants are entitled because Plaintiff's Third

---

[7] Although Defendants' Interrogatories and Requests for Production of Documents were served before Plaintiff filed her Third Amended Complaint, the Court notes that the Interrogatories and Requests for Production of Documents are framed in very broad terms.  As such, Plaintiff's responses to these Interrogatories and Requests for Production of Documents would encompass Plaintiff's allegations of legal malpractice relating to her Title VII lawsuit as well as the expiration of the statute of limitations for Plaintiff's alleged libel and slander claim. *See* Defs.' Mem. of P. & A. in Opp. to Pl.'s Request for Clarification of the Court's August 2, 2004 Order, Ex. 1 (Pl.'s Resp. to Def.'s Interrogatories to the Pl.) and Ex. 2 (Pl.'s Resp. to Def.'s Request for Prod. of Docs. to the Pl.) (Interrogatories include "Set forth with specificity all conversation you had with any attorney or employee of Shaw Bransford regarding your case including the date and substance of said conversations."  Pl.'s Resp. to Def.'s Interrogs. at 2. Requests for Production of Documents include "Please produce for inspection and copying any and all documents, communications and records relating to any matter set forth in your Complaint."  Pl.'s Resp. to Def.'s Request at 2).

Amended Complaint seeks anticipatory damages for future medical treatment, despite the fact

that Magistrate Judge Kay's April 8, 2005 Order denied Plaintiff's Motion for a Protective Order

with respect to the independent medical examination.  Defs.' Renewed Mot. for Summ. J. at 13.

Defs.' Renewed Mot. for Summ. J. at 4-5; Third Am. Compl. at 4.

      As such, it appears that dismissal of Plaintiff's Third Amended Complaint is justified

under Federal Rule of Civil Procedure 41(b), which provides that "[f]or failure of the plaintiff to

prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a

defendant may move for dismissal of an action or of any claim against the defendant . . . ."  Fed.

R. Civ. P. 41(b).  Plaintiff's complete failure to meet her basic discovery obligations in this case

constitutes a violation of the Federal Rules of Civil Procedure, and Plaintiff has also failed to

comply with numerous Orders of this Court and Magistrate Judge Kay.  These failures further

amount to a failure to prosecute, which merits dismissal under Rule 41(b), because "in view of

the entire procedural history of the case, [Plaintiff] has not manifested reasonable diligence in

pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985).

      The Court is likewise convinced that dismissal is appropriate under Federal Rule of Civil

Procedures 37(b)(2)(C), which provides that "if a party . . . fails to obey an order to provide . . .

discovery . . . the court in which the action is pending may make such orders in regard to the

failure as are just [including] . . . (c) An order . . . dismissing the action or proceeding or any part

thereof."  Fed. R. Civ. P. 37(b)(2)(C).  While dismissal under Rule 37(b)(2)(C) requires a

"minimum of 'willfulness, bad faith, or [some] fault,'" *Weisberg v. Webster*, 749 F.2d 864, 871

(D.C. Cir. 1984) (citing *Societe International pour Participations Industrielles et Commerciales

v. Rogers*, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d. 1255 (1958)), in light of the multiple

warnings and second-chances that Plaintiff has been given, her persistent failure to comply with discovery and discovery-related Orders by this Court and Magistrate Judge Kay cannot be viewed as anything other than willful.

While the Court is well aware that "dismissal is a severe sanction, and should be resorted to only to the extent necessary to induce future compliance and preserve the integrity of the system," *id.* at 869, it is also true that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases," *id.* at 870.  Indeed, the "district court has been delegated a good deal of discretion in making discovery orders and enforcing them with sanctions," *id.* (citing *Smith v. Schlesinger*, 513 F.2d 462, 467 n. 12 (D.D.C. Cir. 1975), and the Court is convinced that the instant case is one which in which the Court's discretion should be exercised.  More than two years have passed since Plaintiff was ordered to provide substantive answers to Defendants' Interrogatories, nevertheless Plaintiff has failed to do so and has also failed to provide Defendants significant written discovery.  Plaintiff's failure to provide the discovery required of her under the Federal Rules of Civil Procedure seriously disadvantages Defendants, who lack any information as to the factual basis for Plaintiff's vague claims, and are therefore unable to prepare to defend against those claims at trial.  Defs.' Renewed Mot. for Summ. J. at 5.

The Court is also aware that the harsh sanction of dismissal is ordinarily limited to cases where "less dire alternatives have been tried without success."  *Noble v. United States Postal Serv.*, 71 Fed. Appx. 69, 69, 2003 WL 21744394, at *1 (D.C. Cir. 2003) (quotations and internal citations omitted).  However, Plaintiff's total failure to provide substantive discovery makes it impossible for the Court to impose a lesser sanction because the Court, like Defendants, lacks

information as to the substance of Plaintiff's claims and therefore cannot determine whether the discovery Plaintiff has failed to provide is relevant to some, or all, of her claims.

Plaintiff has willfully disregarded numerous Orders by this Court and Magistrate Judge Kay directing Plaintiff to comply with her discovery obligations, and has offered no indication that her cooperation in this matter will improve in any way.  It is therefore apparent to the Court that giving Plaintiff yet another opportunity to comply with her discovery obligations would be futile.  Indeed, Plaintiff's willful flouting of her discovery obligations has brought this case to a standstill – Plaintiff does not intend to produce further discovery and, without further discovery, Defendants are unable to prepare to defend this case.  In addition to consistently ignoring Orders of this Court and Magistrate Judge Kay directing her to comply with her discovery obligations, Plaintiff has ignored repeated warnings by this Court and Magistrate Judge Kay that her noncompliance would result in sanctions.  *See, e.g.*, *Handy v. Shaw, et al.*, Civ. No. 00-2336 (D.D.C. July 25, 2005) (Memorandum Opinion) at 16 (noting Magistrate Judge Kay's December 8, 2004 cautioning of Plaintiff that "her conduct places her on a heading towards an unpleasant rendezvous with Rule 11.").  As Plaintiff has been given, and disregarded, multiple warnings of the consequences that could attend her failure to comply with her discovery obligations, the Court concludes that dismissal of Plaintiff's Third Amended Complaint is warranted.  *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal) (citations omitted).

17

**IV: CONCLUSION**

For the reasons set forth above, the Court shall grant Defendants' Renewed Motion for Summary Judgment as to the Plaintiff's Third Amended Complaint.  An appropriate Order accompanies this Memorandum Opinion.


Date:   December 22, 2006

                                                    _____/s/_____
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge